IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 MAY 11 PM 3: 36

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

```
BURNETTE PRINCE,              )(
                             )(
        Plaintiff,            )(
                             )(
vs.                          )(        No. 05-2154-B/V
                             )(
SHELBY COUNTY, et al.,        )(
                             )(
        Defendants.           )(
                             )(
```

ORDER ASSESSING $150 CIVIL FILING FEE
ORDER GRANTING LEAVE TO AMEND
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Burnette Prince, booking number 04129024, an inmate at the Shelby County Criminal Justice Complex ("Jail")[1] in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on February 23, 2005. He filed an amendment to his complaint on April 4, 2005.[2] Prince then submitted a letter on April 20, 2005 which the Court construes as a motion seeking leave to amend. For good cause shown, the Court GRANTS leave to amend the complaint to incorporate the April 20, 2005 letter. The Clerk shall record the defendants as

---

[1]    The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2]    Pursuant to Fed. R. Civ. P. 15(a), plaintiff is entitled to amend his complaint once without leave of Court prior to the filing of a responsive pleading.



This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-13-05



Shelby County; the Shelby County Board of Commissioners; Medical Administrator Tony Cooper; Dr. Gerald Stipanuk, the Medical Director at the Jail; and Dr. Appleton, who is employed at the Regional Medical Center (the "Med") in Memphis.[3]

## I.    Assessment of Filing Fee

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[4] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them

---

[3]    The Court construes the plaintiff's allegations against Shelby County Government as an attempt to assert a claim against Shelby County. Also, although the plaintiff repeatedly uses the designation "et al." in his listing of defendants, the Court will not speculate about the identity of any other individual or entity the plaintiff intends to sue.

[4]    Because this action was filed prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change

3

of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

The allegations in the plaintiff's complaint, which concern denials of adequate medical care, are difficult to decipher because they are not presented in chronological order and because the plaintiff apparently suffers from a number of medical problems. First, Prince alleges that lab tests were performed on or about November 2, 2004 in connection with his HIV/AIDS, but he did not receive any medications for that condition.

Second, plaintiff claims that, on or about December 17, 2004, defendant Stipanuk prescribed antibiotics and Tylenol 3 with codeine for his shingles. Stipanuk allegedly told the plaintiff that, if not treated in time, the shingles could spread throughout his body

4

and kill him. The doctor wrote a prescription for fifteen days of medication, but plaintiff only received medication for seven days due to an alleged error by "the nursing staff." The complaint continues:

> This caused me to worsen. By the time I got to medical again Dr. Stipanuk told me I might have to permenantly [sic] be on these meds not because I was stopped getting them. That's when I also found out that my right leg muscles had been damaged. I do not have 100% use of my right leg now. The nursing staff which Administers the Meds are in fault as well as the Doctors. They are to see to their patients proper care.

After the plaintiff had taken his second prescription for the full thirty days, he attempted to see the doctor in order to continue on the medication but he could not get an appointment. He asserts that he is in considerable pain because of these injuries.

In the amendment filed on April 4, 2005, Prince added allegations concerning defendant Appleton. According to the plaintiff, he was taken to the Med on March 22, 2005 in order to re-check his T-cell count. At that time, he learned that defendant Appleton had filled out a prescription for medication for the plaintiff's HIV/AIDS in or about October, 2004, but it was not signed and that is why the plaintiff never received his HIV/AIDS medication.

In his April 20, 2005 amendment, plaintiff alleges that, on April 13, 2005, he received the results of the tests that had been taken at the Med in March, 2005. A nurse practitioner allegedly told the plaintiff that it was "now a must" that he receive the medication to build up his immune system. The amendment indicates that, as of April 14, 2005, the plaintiff was waiting to see the doctor at

5

the Jail to obtain approval for the medication that had been prescribed by the doctor at the Med.

The plaintiff seeks monetary compensation.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege

6

exhaustion adequately may not amend his complaint to avoid a <u>sua sponte</u> dismissal); <u>Curry v. Scott</u>, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. <u>Jones Bey v. Johnson</u>, No. 03-2331, slip op. at 4-7 (6th Cir. Apr. 27, 2005).[5]

In this case, the plaintiff has attached copies of grievances to his complaint, some of which have no bearing on the claims alleged in the body of the complaint. Plaintiff filed a grievance (Grievance No. 103772) on or about December 17, 2004 concerning an alleged delay in providing medication for his shingles. That grievance does not allege that the plaintiff did not receive medication for the full fifteen days prescribed by Dr. Stipanuk. Accordingly, the grievance, on its face, is insufficient to exhaust the specific claim in the complaint concerning the failure to provide medication for the full fifteen days. The matter was deemed grievable on or about December 21, 2004. The response to the grievance, which

---

[5]    This opinion, which will be published in the Federal Reporter, is not yet available on WESTLAW.

is dated January 5, 2005, refers only to an "attached letter," which the plaintiff did not submit. In his appeal statement, Prince raised for the first time the issue of not receiving medication for the entire period prescribed by the doctor. Handwritten on the face of the appeal document is a notation that, as of "Feb. 05," plaintiff had not received a response to his appeal. However, the complaint does not state the time allotted in the grievance policy for resolution of appeals, and it does not state whether, if a response is not timely received, the plaintiff has the option of proceeding to level three. Accordingly, the plaintiff has not satisfied his burden of demonstrating that he exhausted his administrative remedies with respect to this aspect of his claim.

Prince filed another grievance on or about December 27, 2004 (Grievance No. 103584) concerning the purported failure to provide treatment for his shingles and his inability to see the doctor. This grievance does not appear to concern the allegation that the plaintiff did not receive his shingles medication for the full period prescribed by the doctor. The matter was deemed grievable on or about December 30, 2004. The response to the grievance, which was dated January 7, 2005, stated that plaintiff was examined on December 30, 2004 and prescribed medicine. The plaintiff signed the space indicating he agreed with the proposed response, so there was no appeal. He wrote a note on the grievance form, which apparently was not submitted to prison officials, stating that, by the time the response to his grievance was received, that "[t]he damage has been done."

The documents submitted by the inmate, coupled with the allegations in the complaint, are insufficient to satisfy the plaintiff's burden of demonstrating that he exhausted his administrative remedies concerning each of the claims asserted in the complaint. First, the grievances do not mention defendant Cooper, as required by <u>Moorer v. Price</u>, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); <u>Thomas v. Woolum</u>, 337 F.3d 720, 733-34 (6th Cir. 2003); and <u>Curry</u>, 249 F.3d at 504.[6] Second, there is no indication that plaintiff even attempted to exhaust his claims concerning the failure of Jail employees to supply the medication prescribed for his HIV/AIDS. Finally, it appears likely, for the reasons previously stated, that the plaintiff has not satisfied his burden of demonstrating that he exhausted his claim concerning the failure to provide sufficient medication for his shingles. Even if the plaintiff's allegations concerning his attempts to exhaust his claims concerning his shingles were deemed to be adequate, the complaint plainly contains unexhausted claims and, therefore, it must be dismissed pursuant to <u>Jones Bey</u>.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through

---

[6]    As Appleton is not a prison employee, it is not clear whether plaintiff must exhaust his administrative remedies with respect to the claim concerning Appleton's failure to sign his prescription. It is not necessary to resolve that issue because the complaint plainly contains unexhausted claims and, therefore, it is subject to dismissal pursuant to <u>Jones Bey</u>.

'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua</u> <u>sponte</u>." <u>Baxter</u>, 305 F.3d at 489.[7] Accordingly, the Court DISMISSES the plaintiff's complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III. <u>Appeal Issues</u>

        The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in</u> <u>forma</u> <u>pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in</u> <u>forma</u> <u>pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

        The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in</u> <u>forma</u> <u>pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

------

        [7]   As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Id.</u>

It is therefore CERTIFIED, pursuant to 28 U.S.C. §
1915(a)(3), that any appeal in this matter by plaintiff is not taken
in good faith and he may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a
filing fee if plaintiff appeals the dismissal of this case.[8] In McGore
v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth
Circuit set out specific procedures for implementing the PLRA.
Therefore, the plaintiff is instructed that if he wishes to take
advantage of the installment procedures for paying the appellate
filing fee, he must comply with the procedures set out in McGore and
§ 1915(b).

IT IS SO ORDERED this ___ day of May, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[8]      Effective November 1, 2003, the fee for docketing an appeal is $250. See
Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28
U.S.C. § 1917, a district court also charges a $5 fee:

   Upon the filing of any separate or joint notice of appeal or application
   for appeal or upon the receipt of any order allowing, or notice of the
   allowance of, an appeal or of a writ of certiorari $5 shall be paid to
   the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in
case 2:05-CV-02154 was distributed by fax, mail, or direct printing on
May 13, 2005 to the parties listed.

---

Burnette Prince
SHELBY COUNTY JAIL
04129024
201 Poplar Avenue
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT